UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X  Case No.

ANGELA WEFER,

                     Plaintiff,                           **COMPLAINT**

        - against -

                                                             **PLAINTIFF DEMANDS**
                                                              **A TRIAL BY JURY**

STATE UNIVERSITY OF NEW YORK AT STONY
BROOK,

                     Defendant.

------------------------------------------------------------------------X

ANGELA WEFER, ("Plaintiff"), by and through her attorneys, PHILLIPS & ASSOCIATES, Attorneys at Law, PLLC, against STATE UNIVERSITY OF NEW YORK AT STONY BROOK ("Defendant"), alleges upon knowledge as to herself and her own actions and upon information and belief as to all other matters as follows:

## NATURE OF THE CASE

1. Plaintiff complains pursuant to the discrimination provisions of **The Americans with Disabilities Act of 1990**, 42 U.S.C. § 12101, *et seq*. ("ADA") and the **New York State Human Rights Law**, New York State Executive Law § 296, *et seq*. ("NYSHRL"), and seeks damages to redress the injuries Plaintiff has suffered as a result of being **discriminated against** by her employer on the basis of her disability.

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 42 U.S.C. § 2000(e), *et seq*.

3. The Court has supplemental jurisdiction over all state and city law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2), as a substantial part of

the actions or omissions giving rise to the claims for relief occurred within this judicial district.

## PROCEDURAL PREREQUISITES

5. Plaintiff timely filed a complaint, upon which this Complaint is based, with the United States Equal Employment Opportunity Commission ("EEOC").

6. Plaintiff received a Notice of Right to Sue from the EEOC, dated October 13, 2022 with respect to the instant charges of discrimination. A copy of the Notice is annexed to this Complaint.

7. This action is being commenced within 90 days of receipt of the Notice of Right to Sue.

## PARTIES

8. At all relevant times herein, Plaintiff was and is a resident of the State of New York. She was and is a "person" and "employee" entitled to protection as defined by the ADA, and the NYSHRL. Plaintiff is in a protected class with respect to the ADA and the NYSHRL.

9. Defendant is a member of the New York State University system that operates Stony Brook Medicine, the specific division for which Plaintiff work. Defendant is an "employer" within the meaning of the statutes invoked hereunder.

## MATERIAL FACTS

10. In or about July of 2018, Plaintiff began working for Defendant as an Associate Director of Data Analytics and Business Intelligence. Plaintiff currently earns an annual salary of $178,096.

11. Throughout Plaintiff's employment with Defendant, her overall performance met or exceeded Defendant's reasonable expectations.

12. Plaintiff's direct supervisor was Frances Knapp ("Knapp"), Director of Strategic Analytics.

13. Plaintiff suffers from adjustment disorder with anxiety and panic disorder and has been diagnosed and treated for these conditions since 2019.

14. The said conditions are disabilities within the meaning of the ADA and the NYSHRL.

15. Plaintiff's conditions were known to Defendant because Plaintiff requested leave and reasonable accommodations as a result of said conditions.

16. On March 16, 2020, Plaintiff began working from home as a result of the onset of the COIVD-19 pandemic.

17. Plaintiff continued to perform her work entirely from home for over a year, first returning to the office on June 1, 2021 on a partial basis of two (2) days per week in the office and three (3) days per week of remote work.

18. Upon her return to the office, Plaintiff's disability was immediately exacerbated due to the recent death of her colleague, who worked in close proximity to her, from COVID-19 in May 2020.

19. As a result, Plaintiff experienced regular panic attacks when she returned to office, inhibiting her ability to work. Nevertheless, consistent with Defendant's mandate that she return to work in person, Plaintiff attempted to perform her job in the office.

20. On July 2, 2021, Defendant reduced the number of days Plaintiff was permitted to work remotely to two (2), thus requiring her to work in the office three (3) days per week. This increased time in the office had a yet further detrimental effect on Plaintiff's disability.

21. By August 2021, due to her disability, it was no longer bearable for Plaintiff to continue to work in the office on a regular basis.

22. On August 18, 2021, Plaintiff requested intermittent FMLA as way to mitigate, though certainly not alleviate, the detrimental effect working in the office was continuing to have

on her disability. Plaintiff was approved for intermittent FMLA on August 24, 2021.

23. On September 2, 2021, to fully accommodate her disability, Plaintiff requested remote work five (5) days per week. Plaintiff made her request to Defendant's Office of Equity and Access ("OEA").

24. Having received no response to her request for accommodation, Plaintiff followed up with OEA on September 22, 2021.

25. Plaintiff received no response from Defendant until October 4, 2021, when Knapp indicated that she needed to provide more medical documentation to support her request.

26. Plaintiff promptly provided the requested information two days later, on October 6, 2021.

27. On the same day, October 6, 2021, left with no other choice given the lengthy delay in responding to her request for accommodation, Plaintiff started to use FMLA every day.

28. Two days later, on October 8, 2021, Defendant formally denied Plaintiff's request for accommodation. Defendant claimed, as the reason for its denial, that "not having [Plaintiff's] in the office will cause a disruption to the operations of the needs of the department," even though Plaintiff had effectively performed her job remotely for well over a year.

29. Due to Defendant's unlawful failure to accommodate Plaintiff, Plaintiff has been forced to take FMLA leave rather than continuing to perform her work for Defendant.

30. Contrary to the law, Defendant failed to provide any reasonable accommodation or engage in the interactive process to determine whether a reasonable accommodation could be suggested to Plaintiff

31. As a result of Defendant's action, Plaintiff feels extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

32. As a result of the acts and conduct complained of herein, Plaintiff has suffered a loss of benefits, and other compensation which such employment entails. Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

33. Plaintiff was, and remains, a qualified individual who can perform the essential functions of her employment with or without a reasonable accommodation as defined by § 12111(8) of the ADA.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER THE ADA

34. Plaintiff repeats, reiterates, and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

35. Defendant violated the Americans with Disabilities Act of 1990 (Pub. L. 101-336) (ADA), as amended, as these titles appear in volume 42 of the United States Code, beginning at section 12101.

36. Title 42 of the Americans with Disabilities Act of 1990, Chapter 126, Subchapter I, Section 12112, Discrimination [Section 102] states: "(a) General rule. - No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

37. Plaintiff's disability is an impairment that substantially limits one or more of her major life activities within the meaning of § 12102(1)(A) of the ADA, including but not limited to, working.

38. Plaintiff requested reasonable accommodations. Specifically, she requested, in accordance with her medical restrictions, to work remotely five (5) days per week.

39. Defendant was aware of Plaintiff's disabilities and need for the accommodation.

40. Plaintiff is a qualified individual who could perform the essential functions of her employment with a reasonable accommodation as defined by § 12111(8) of the ADA.

41. Defendant did not make a good faith effort to accommodate Plaintiff's disability.

42. All the accommodations that Plaintiff requested were reasonable.

43. None of the accommodations that Plaintiff requested would have created undue hardship for Defendant.

44. Defendant failed to communicate with Plaintiff meaningfully and in good faith concerning her disability and requested accommodations.

45. Defendant discriminated against Plaintiff in violation of the ADA by refusing to accommodate her disability and forcing her to take FMLA leave because of her disability.

46. Defendant knowingly and intentionally discriminated against Plaintiff because of her disability.

47. Plaintiff suffered injuries as a result of Defendant's failure to reasonably accommodate her disability.

48. Defendant's failure to accommodate Plaintiff's disability was the direct and proximate cause of Plaintiff's injuries, damages, and losses.

### AS A SECOND CAUSE OF ACTION
### FOR DISCRIMINATION UNDER THE NYSHRL

49. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

50. New York Executive Law § 296 (3) (a) provides, in relevant part, that:

> It shall be an unlawful discriminatory practice for an employer, licensing agency, employment agency or labor organization to refuse to provide reasonable accommodations to the known disabilities, or pregnancy-related conditions, of an employee, prospective employee or member in connection with a job or occupation sought or held or participation in a training program.

51. Under the NYSHRL, Plaintiff was entitled to reasonable accommodations for her disability.

52. As described above, Defendant discriminated against Plaintiff on the basis of her disabilities in violation of the NYSHRL, by including but not limited to, denying her request for accommodation and forcing her to take FMLA leave. As a result of Defendant's unlawful discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, economic loss, for which she is entitled to an award of monetary damages and other relief.

53. As a result of Defendant's unlawful discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

## JURY DEMAND

54. Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiff respectfully requests a judgment against Defendant:

A. Declaring that Defendant engaged in unlawful employment practices prohibited by the **Americans with Disabilities Act of 1990**, 42 U.S.C. § 12101, et seq., and the **New York State Human Rights Law**, New York State Executive Law, § 296 ("NYSHRL").

B. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendant's

unlawful discrimination and retaliation, and to otherwise make her whole for any losses suffered as a result of such unlawful employment practices;

C.  Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to her reputation in an amount to be proven;

D.  Awarding Plaintiff attorneys' fees, costs, disbursements, and expenses incurred in the prosecution of the action;

E.  Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant's unlawful employment practices.

Dated: Garden City, New York
December 23, 2022

**PHILLIPS & ASSOCIATES,
ATTORNEYS AT LAW, PLLC**

By: \_\_\_\_/s/_____
Joshua M. Friedman, Esq.
*Attorneys for Plaintiff*
585 Stewart Ave, Suite 410
Garden City, New York 11530
T: (212) 248-7431
F: (212) 901 - 2107
jfriedman@tpglaws.com